Patton & Stewart *vs.* Walcott.

*Summerel,* 2 *Browne,* 227. *Snyder vs. Castor,* 4 *Yeates,* 353. *Moorman vs. Graffenreid,* 1 *M. Const. Rep. So. Car.* 195. *Rye vs. Stubas,* 1 *Hill, So. Car.* 384. *Streeter vs. Horleck,* 1 *Bing.* 37. *Studdy vs. Sanders,* 5 *B. & C.* 633. *Neal vs. Viney,* 1 *Camp.* 471.

There are old cases sustaining the judgment of the court below. *Weaver vs. Boroughs,* 1 *Str.* 648.

But this was when it was the fashion to lay hold of a nonsuit, whenever it could be done. It is far from being law, now. In order to preclude the party from recovering on the common count, the special contract must be *open, unexecuted,* and *unrescinded. Russell vs. South Britain Soc.,* 9 *Conn.* 508. *Hayward vs. Kain, Mood. & Malk.* 311.

---

PATTON & STEWART *vs.* WALCOTT.

By repealing a portion of the Revised Code, concerning *delivery bonds,* the Legislature totally destroyed the summary mode of proceeding on them, when forfeited.
The plaintiff must either bring an ordinary suit upon the bond, or pursue his statutory remedy against the property.
But he may file his declaration at the term when the bond is returned, and the obligors will be bound to appear without process, they being held to have the same notice as though process was served.

Patton & Stewart *vs.* Walcott.

This was a judgment obtained by mere motion, on a delivery bond, in the Chicot Circuit Court, in December, 1841, before the Hon. WILLIAM K. SEBASTIAN, one of the circuit judges. The bond was given for the delivery of negroes.

*Ashley & Watkins,* for plaintiff in error. The judgment in this case was rendered, on summary motion, on a forfeited delivery bond, under the 40*th* and 41*st* *sections of the Revised Statutes, title "Execution," p.* 380. The 39th, 41st, 42d, and 45th sections of the law of executions, were repealed by the act of 3d December, 1840. The repeal of the 41st section virtually took away the power of the court to act or render judgment upon the summary motion, but left the plaintiff to his remedy, by ordinary suit upon the bond. Could the defendant or his security be considered, in court, so as to authorize judgment to be rendered against them, on motion, without process or notice? The remedy, being given by statute, and in derogation of the common law, must be strictly pursued; and, the sections regulating the proceedings on summary motion being repealed, the court had no power to adjudicate.

The law requires a reasonable certainty in the statement of the plaintiff's ground of complaint. 1 *Chit. Pl.* 267, 268. The motion should have been in writing.

The delivery bond misdescribes the execution and judgment.

The statute permits a delivery bond to be given for *personal property,* and prescribed the mode of ascertaining the value. By an act of the General Assembly, approved 28th December, 1840, slaves are in terms declared to be *real estate.* Was not the bond, in this case, void, being given for the delivery of a negro slave, for life?

Though the bond may be good, as a common-law obligation, it is not good as a statutory obligation, upon which a summary motion could be sustained.

*Trapnall & Cocke,* on the same side. The 37*th section of the* 60*th Chap. of the Revised Code,* authorizes the sheriff to take a delivery bond from the defendant, in an execution, after a levy of an execution on "*personal property.*" The 8th section of the act of 1840, entitled

" an act defining the judicial circuits of this State, and prescribing the time of holding the courts therein, and for other purposes," declares that slaves are, and shall hereafter descend and be holden as, *real estate,* and thereby necessarily excludes slaves from the operation of the section in the Revised Code, above referred to, and withdraws all statutory authority from the sheriff to take a bond for the delivery of slaves, upon the day of sale.

Admitting that the bond might, at common law, be obligatory, and that the obligor would be responsible for the failure to deliver. The remedy by motion, given by the statute, could not apply to such a case, but the party must resort, for relief, to the ordinary common-law remedy of an action of debt or covenant.

The judgment is for so much debt, so much damages, and so much costs and interest on the debt amd damages, from a date long before the bond was given. The sum mentioned in the bond is in gross, and without any obligation to pay preceding or accruing interest. There is no correspondence between the two, although one is the foundation of the other.

*By the Court,* DICKINSON, J. The statute (*Rev. Code, sec.* 37, 38, *Chap.* 60,) authorizes the defendant, when a levy is made upon his property by execution, to " retain possession until the day of sale, by giving bond, in favor of the plaintiff, with sufficient security, to be approved by the officer, in double the value of such property, conditioned for the delivering of the property to the officer at the time and place of sale, to be named in such condition; and that, if the property be not delivered according to the condition of the bond, the levy shall remain a lien upon the property taken for the satisfaction of the judgment, into whose possession soever the same may have passed." The 40th section of the same act provides, that, " if the condition of the bond be broken, and the execution be returned unsatisfied, the plaintiff may, at his option, bring an ordinary suit on the bond." The 39*th,* 41*st,* 42*d, and* 45*th sections of Chap.* 60, *of the Revised Code,* upon the subject of executions, are expressly repealed, by name, by an act of the General Assembly, passed at Nov. session, 1840, which takes away the remedy, by motion, when the condition of the delivery

bond is broken, and changes the rate of damages and the mode of appraisement of the property levied upon.   By repealing the 41st section, the Legislature totally destroyed the summary mode of proceeding upon a delivery bond, when the condition of it was broken; and that express declaration, by the Legislature, necessarily repeals that portion of the 40th section which has reference to judgments being taken in this summary mode; thus leaving the party to his common-law remedy, by bringing an ordinary suit upon the bond, or to pursue the property as provided for in the 38th section of the act, which declares that the levy shall remain a lien upon the property taken for the satisfaction of the judgment, into whose possession soever the same may have passed; or to prepare his declaration upon the bond, and file the same on the return-day of the execution, or on any subsequent day of the term at which the execution is returned; and the defendant and his security shall be deemed to have notice of the facts, that the condition of the bond has been broken, and the execution returned unsatisfied, thereby rendering the issuing and service of process unnecessary, as he is presumed to have notice of the facts to the same extent as if process was served.   The proceedings, in this case appear to have been summary, on motion, without the form of pleading, and therefore clearly erroneous.

Judgment reversed.